UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RAMON TORRES,

                  Petitioner,

                                                                                            **Hon. Hugh B. Scott**

                         v.                                                                  05CV898A

                                                                                         **Report**
                                                                                          **&**

ROBERT ELCORE,                                                              **Recommendation**

                  Respondent.
_____

      The petitioner has filed an application to this Court for habeas corpus relief pursuant to 28 U.S.C. § 2254 challenging his state court conviction. The petitioner asserts the following grounds in support of his petition: denial of statutory right to appear before grand jury; ineffective assistance of counsel; alleged abuse of discretion in denying request for substitution of counsel. On September 11, 2006, this case was referred to the undersigned to render a Report & Recommendation on dispositive motions in this case (Docket No. 12).

## BACKGROUND

      Petitioner was an inmate in Elmira Correctional Facility when he allegedly possessed prison contraband, shards from a broken mirror. Petitioner was indicted in Chemung County for promoting prison contraband in the first degree, N.Y. Penal L. § 205.25. On June 30, 2002, petitioner was alleged to have been involved in an incident and was found to possess a 7 3/8-inch piece of broken mirror. People v. Torres, 14 A.D.3d 801, 802, 787 N.Y.S.2d 519, 520 (3d Dep't 2005), leave denied, 4 N.Y.3d 836, 796 N.Y.S.2d 591 (2005); Docket No. 8, Resp't Decl.,

Appendix, 3d Dep't Record on Appeal, A27[1], Decision & Order of Mar. 24, 2003. The indictment for this charge was dated October 17, 2002, and petitioner was arraigned on November 4, 2002 (Docket No. 8, Resp't Decl., Appendix, 3d Dep't Record on Appeal, A27).

On March 3, 2003, petitioner moved to dismiss the indictment for depriving him of the right to testify before the grand jury (Docket No. 8, Resp't Decl., Appendix, 3d Dep't Record on Appeal, A18, Def. Motion). The Chemung County Court denied the motion (id. A 26). The trial court noted that "Section 190.50(5)(a) of the New York Criminal Procedure Law provides, in relevant part, that an individual has the right to testify before the grand jury when charges against the individual are to be presented only if the defendant gives written notification to the District Attorney prior to the proceedings" (id. at A27). The trial court held (id. at A27-28), and affirmed by the Appellate Division of the New York State Supreme Court, Third Department, Torres, supra, 14 A.D.3d at 802, 787 N.Y.S.2d at 520, that evidence of mailing without proof of receipt or "actual notice" by the prosecutor was not sufficient notice of the petitioner's intention to testify before the grand jury. See People v. Brown, 300 A.D.2d 918, 919, 752 N.Y.S.2d 755 (3d Dep't 2002), leave denied, 100 N.Y.2d 536, 763 N.Y.S.2d 2 (2003). Further, the right to appear may be waived if defendant does not move for dismissal within five days of arraignment, N.Y. Crim. Proc. L. § 190.50(5)(c) (id. at A28).

Petitioner was convicted following a jury trial and sentenced to 2½-5 years on May 12, 2003. Petitioner appealed his conviction to the Appellate Division, Third Department, arguing that he was deprived his statutory right to appear before the grand jury, that he received ineffective assistance of counsel by the Chemung County Public Defender failing to move for

---

[1] "A" refers to the pagination of the 3d Department Record on Appeal.

relief because he did not testify before the grand jury, see N.Y. Crim. Proc. L. § 190.50(5)(c)(a)(28). He also argued that counsel was ineffective because he presented the wrong NYSID report in his Sandoval request, counsel's opening statement admitted that petitioner possessed broken mirror, and counsel failed to provide a coherent, cogent defense. Petitioner contends that he made repeated complaints about ineffectiveness of counsel, which were denied. Finally, petitioner argues that the trial court abused its discretion in denying his request for substitution of counsel. The Third Department affirmed the conviction, 14 A.D.3d 801, 787 N.Y.S.2d 519, and the New York State Court of Appeals denied leave to appeal, 4 N.Y.3d 836, 796 N.Y.S.2d 591 (2005). The Third Department's disposition of petitioner's claimed right to testify before the grand jury was discussed above; that court held that petitioner's ineffective assistance of counsel claims were unavailing, Torres, supra, 14 A.D.3d at 802, 787 N.Y.S.2d at 520. The court held that counsel's strategy in arguing that the mirror shards were not dangerous, following petitioner's concession that he possessed them, was deemed to be reasonable. Despite petitioner and counsel's inability to communicate during portions of this case, the Third Department held that "counsel's performance as a whole leads us to conclude that meaningful representation was provided." Id. at 803, 787 N.Y.S.2d at 520. As for petitioner's abuse of discretion claim in the trial court not substituting counsel, the Third Department denied this claim and pointed out the efforts of the trial court in directing counsel to subpoena four witnesses petitioner sought, id.

Petitioner filed this Petition on November 8, 2005 (Docket No. 1), and respondent answered and submitted the state court record on June 12, 2006 (see Docket No. 8; Docket entry of June 12, 2006).

**DISCUSSION**

I. Exhaustion

In the interest of comity and in keeping with the requirements of 28 U.S.C. § 2254(b), federal courts will not consider a constitutional challenge that has not first been "fairly presented" to the state courts. See Ayala v. Speckard, 89 F.3d 91, 94 (2d Cir. 1996), citing Picard v. Connor, 404 U.S. 270, 275 (1971); Daye v. Attorney General of New York, 696 F.2d 186, 191 (2d Cir. 1982) (in banc), cert. denied, 464 U.S. 1048 (1984). A state prisoner seeking federal habeas corpus review of his conviction must first exhaust his available state remedies with respect to the issues raised in the federal habeas petition. Rose v. Lundy, 455 U.S. 509 (1982). However, under 28 U.S.C. § 2254(b)(2), where appropriate the Court may deny the relief requested in the petition upon a review of the merits notwithstanding the failure of the applicant to exhaust state court remedies.

Based on the record before the Court, it appears that the petitioner has exhausted his state court remedies. Respondent concedes that petitioner exhausted his second and third claims, the ineffectiveness of counsel and trial court abuse of discretion in denying substitution of counsel (Docket No. 8, Resp't Memo. of Law at 9-10), with the first issue relating to defective grand jury proceedings, being strictly argued on appeal on state law and not appealed past the Appellate Division (id. at 10). In any event, review of the claims asserted in the petition is appropriate under § 2254(b)(2).

II. Standard of Review

State court findings of "historical" facts, and inferences drawn from those facts, are entitled to a presumption of correctness. Matusiak v. Kelly, 786 F.2d 536, 543 (2d Cir.), cert.

denied, 479 U.S. 805 (1986). (See also 28 U.S.C. § 2254(e)(1), which states that "a determination of a factual issue made by a State court shall be presumed to be correct.")

As amended by the Antiterrorism and Effective Death Penalty Act of 1996[2] ("AEDPA"), 28 U.S.C. § 2254(d) provides that a habeas corpus petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of that claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The habeas corpus petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. The presumption of correctness attaches to findings both by state trial courts and by state appellate courts. Smith v. Sullivan, 1 F. Supp. 2d 206, 210-11 (W.D.N.Y. 1998) (Larimer, Ch.J.); Nevius v. Sumner, 852 F.2d 463, 469 (9th Cir. 1988), cert. denied, 490 U.S. 1059 (1989).  As noted by then-Chief Judge Larimer in Smith, "the new version of § 2254(d) has clearly raised the bar for habeas petitioners, placing on them the burden to show by clear and convincing evidence that the state court's decision was defective in some way." Smith, supra, 1 F. Supp. 2d at 211.

Prior to the enactment of the AEDPA, § 2254(d) provided that a state court "determination after a hearing on the merits of a factual issue . . . shall be presumed to be

---

[2] Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214.

correct," unless certain specified exceptions existed. When it enacted AEDPA, Congress changed the language dealing with the presumption of correctness of state court findings of fact and moved it to § 2254(e), and also added the current version of § 2254(d). The amended statute "requires federal courts 'to give greater deference to the determinations made by state courts than they were required to do under the previous law.'" Ford v. Ahitow, 104 F.3d 926, 936 (7th Cir.1997) (quoting Emerson v. Gramley, 91 F.3d 898, 900 (7th Cir. 1996), cert. denied, 520 U.S. 1122 (1997)); see also Houchin v. Zavaras, 107 F.3d 1465, 1470 (10th Cir.1997) ("AEDPA increases the deference to be paid by the federal courts to the state court's factual findings and legal conclusion").

Respondent argues that the Third Department's holding that the trial court did not abuse its discretion in not substituting counsel was not contrary to, nor based on, an unreasonable application of Supreme Court law (Docket No. 8, Resp't Memo. at 20-25). This contention will be discussed below.

III.     Petitioner Denied Ability to Testify Before the Grand Jury

Petitioner contends that the New York State Constitution created his right to be tried under a valid indictment which cannot be forfeited in an arbitrary or fundamentally unfair way, thus creating a federal constitutional right under the Fourteenth Amendment (Docket No. 11, Pet'r Reply Memo. at 5), see Saldana v. New York, 665 F. Supp. 271, 280 (S.D.N.Y. 1987). Petitioner argues that Criminal Procedure Law § 190.50(5)(a) gave him the right to appear and testify before the grand jury. The trial court, however, required actual notice by the prosecutor of petitioner's request to appear before the grand jury to effectuate that right. Petitioner was proceeding pro se when the grand jury was considering this indictment, this raises the question of

whether this is inconsistent with the United States Supreme Court's mandate regarding pro se inmate litigants and their ability to send notices outside of their facilities.

A pro se prisoner litigant's papers are deemed to have been filed when they are placed in the hands of prison officials for mailing, see Houston v. Lack, 487 U.S. 266, 271 (1988) (in habeas, filing notice of appeal by prison litigant through prison mailing system); see also Noble v. Kelly, 246 F.3d 93, 97 (2d Cir.) (habeas petition), cert. denied, 534 U.S. 886 (2001); Dory v. Ryan, 999 F.2d 679, 682 (2d Cir. 1993) (prisoner civil rights complaint), modified on reh'g, 25 F.3d 81 (2d Cir. 1994). The Houston Court noted that inmate litigants were wholly dependent upon the vagaries of the prison mail system and could not ensure timely filing of their papers. 487 U.S. at 271. But this rule deals with filing a paper with a court; it does not involve service upon an opponent, even with an extraordinary rule requiring proof of receipt rather than mere proof of delivery. And the Houston Court was construing a procedural rule which determined when a notice of appeal was "filed" with the Court, 487 U.S. at 268.

Petitioner was incarcerated when the grand jury was convened (see also Docket No. 8, Resp't Atty. Decl. Ex. A, Pet'r's Appellant Br. at 4 n. 1, A-22), as any defendant facing a potential charge of promoting prison contraband would be, see N.Y. Penal L. § 205.25(2). Petitioner himself wrote to the prosecutor requesting to appear before the grand jury, stating that no attorney was authorized to waive that right and asking the prosecutor to arrange for his appearance due to his incarceration (id. A-22). The prosecutor later averred that no such request was found in his files, but he was looking for another inmate's name (id. A-23 to A-24). Petitioner was later represented by the public defender in this prosecution. But when that request was made petitioner was acting pro se.

Respondent argues, however, that there is no federal constitutional right to a grand jury, Alexander v. Louisiana, 405 U.S. 625, 633 (1972); see Estelle v. McGuire, 502 U.S. 62, 68 (1991), or for a defendant to appear before one, Lucius v. Filion, No. 04CV6308, 2006 U.S. Dist. LEXIS 32818, at *6 (W.D.N.Y. May 23, 2006) (Bianchini, Mag. J.); Cates v. Senkowski, No. 02 Civ. 5957, 2003 U.S. Dist. LEXIS 3882, at *5 (S.D.N.Y. Mar. 17, 2003). The right petitioner invokes is a New York State statutory right and not cognizable in federal habeas review. (Docket No. 8, Resp't Memo. of Law at 12-13).

Initially, it should be noted that the petitioner has failed to preserve these arguments for habeas corpus review. The trial court dismissed this argument on the state law procedural ground that he failed to move to dismiss on this basis within the five days required under New York Criminal Procedure Law § 190.50(5)(c). Federal habeas review is barred when a state court expressly relied on a procedural default as an independent and adequate state ground, see Harris v. Reed, 489 U.S. 255 (1989); Wainwright v. Sykes, 433 U.S. 72 (1977), and here the procedural default is petitioner's failure to submit proof of the prosecution's actual receipt of his request to appear before the grand jury as required by the Criminal Procedure Law. "A federal court is generally precluded from reviewing any claim included within the habeas petition for which a 'state court rests its judgment on an adequate and independent state ground, including a state procedural bar.'" Bacchi v. Senkowski, 884 F. Supp. 724, 730 (E.D.N.Y.1995) (quoting Reid v. Senkowski, 961 F.2d 374, 377 (2d Cir. 1992) (per curiam)). A state procedural bar arises through a failure to make a timely appeal, or through a failure to preserve a claim of appeal through contemporaneous objection. Reid, supra, 961 F.2d at 377. Failure to comply with a state's contemporaneous objection rule bars subsequent federal habeas corpus review unless

petitioner is able to demonstrate both cause for the procedural default and actual prejudice attributable thereto.  Wainwright, supra, 433 U.S. at 81-91 (1977); Washington v. LeFerve, 637 F. Supp. 1175, 1177 (E.D.N.Y.1986).  "In order to demonstrate cause for his procedural fault, petitioner would have to show that 'some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.'"  Washington, supra, 637 F. Supp. at 1177 (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).  These principles have been applied even where a defendant represents himself at trial.  Reed v. Farley, 512 U.S. 339 (1994); Wells v. LeFavre, 96 Civ. 3417, 1996 WL 692003, at *2-3 (S.D.N.Y. Dec. 2, 1996).

      Additionally, Houston v. Lack does not create a federal constitutional rule regarding court mailing by incarcerated defendants to overcome New York's actual receipt rule under Criminal Procedure Law § 190.50(5)(a); rather, Houston v. Lack merely construed the Court's own rules of procedure by incorporating a prison mailbox rule, 487 U.S. at 268.  Petitioner is attempting to extend a state procedure into a federal right, essentially arguing that it is arbitrary or fundamentally unfair to require a pro se inmate ensure that the prosecutor receives actual notice of the inmate's request to appear before the grand jury while he is incarcerated.  This asks this Court to hold, as a matter of federal constitutional law, that the Criminal Procedure Law provision regarding requesting to appear before a grand jury is unconstitutional as to pro se inmates if they are required to provide actual notice to the prosecution where they have no control over communication with the outside world.  Absent a federal constitutional right in general to a grand jury or appearance before the grand jury, petitioner cannot overcome the state statutory requirement that (despite his incarceration) he notify the prosecutor of his request to appear before the grand jury.  Thus, petitioner is **not entitled to relief** on this claim.

IV.     Ineffective Assistance of Counsel

Petitioner next argues that his counsel was ineffective on several grounds. His claim of ineffective assistance must be analyzed according to the standards set forth by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). In Strickland, the Court stated that the test for an ineffective-assistance claim in a habeas corpus case is whether the petitioner received "reasonably competent assistance." Id. at 688. In deciding this question, the court must apply an objective standard of reasonableness. Id. Generally, defense counsel are "strongly presumed to have rendered adequate assistance . . ." Id. at 690. To succeed on such a claim, then, the petitioner must "overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).

If defense counsel's performance is found to have been defective, relief may only be granted where it is shown that the defense was actually prejudiced by counsel's errors. Strickland, supra, 466 U.S. at 692 (emphasis added). Prejudice is established upon a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. The court determines the presence or absence of prejudice by considering the totality of the trial evidence. Id. at 695.

Here, respondent contends that the Third Department properly disposed of petitioner's ineffectiveness claims and did so without making a contrary or unreasonable application of Strickland (Docket No. 8, Resp't Memo. at 14-15). Given petitioner's key concession that he possessed the contraband at issue, the only argument left to defense counsel was to argue the dangerousness of that item and to argue that petitioner lacked the intention to possess it for

dangerous purposes. The elements of promoting prison contraband in the first degree is knowing and unlawful making, obtaining or possessing of any dangerous contraband, N.Y. Penal L. § 205.25(2); see also N.Y. Penal L. § 15.05(2) ("knowingly" defined as when aware that person's conduct is of the nature defined in the statute or that such circumstance exists). Thus, petitioner's defense counsel appropriately argued the lack of dangerousness of the contraband in an effort to win an acquittal as to the first degree charge, cf. N.Y. Penal L. § 205.20 (second degree promoting prison contraband requiring only knowing introduction or possession of any contraband, regardless of its dangerousness). Petitioner does not contest the early concession nor does he argue that he was advised by counsel to make that concession.

Thus, petitioner fails to meet the first Strickland element, that he did not receive reasonably competent representation and should **not** receive habeas relief on his ineffective assistance claim.

V.      Abuse of Discretion in Denying Substitution of Counsel Motion

Petitioner has a Sixth Amendment right to the assistance of counsel, including the qualified right to counsel of his choice, Wheat v. United States, 486 U.S. 153, 159 (1988); Lainfiesta v. Artuz, 253 F.3d 151, 154 (2d Cir. 2001). An impecunious criminal defendant, however, does not have a right to the attorney of his choosing, Caplin & Drysdale, Chartered v. United States, 491 U.S. 617, 624 (1989). The key is whether the poor defendant is adequately represented by the attorney appointed by the court, id. The Sixth Amendment does not guarantee a "meaningful" attorney-client relationship or client's complete satisfaction with counsel's performance (Docket No. 8, Resp't Memo. at 21), see Morris v. Slappy, 461 U.S. 1, 12-15 (1983); United States v. Cronic, 466 U.S. 648, 657 (1984). Petitioner needs to show, in order to

hold the failure to grant his substitution motion a constitutional abuse of discretion, that he had good cause (such as a complete breakdown in communication between client and counsel) to justify the change, see <u>McKee v. Harris</u>, 649 F.2d 927, 931 (2d Cir. 1981).

Here, petitioner was represented by the public defender. Thus, the constitutional standard is whether he received adequate representation by the public defender, which was discussed above in consideration of petitioner's <u>Strickland</u> grounds. Respondent argues that petitioner's motion for substitution was at the eve of trial and without good cause shown, that petitioner had met with counsel belying the contention of a complete breakdown in communications (Docket No. 8, Resp't Memo. at 22). Instead of substituting counsel, the trial court addressed petitioner's underlying concern, that the witnesses from Elmira Correctional Facility were not being called by defense counsel, by directing counsel to subpoena four such witnesses.

Therefore, there was no constitutional abuse of discretion by the state trial court denying petitioner's motion to substitute counsel at the eve of trial. Petitioner should be **denied** habeas relief on this claim as well.

## CONCLUSION

Based on the above, it is recommended that the Petition (Docket No. 1) be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy to the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within ten(10) days after receipt of a copy of this Report & Recommendation**

in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and W.D.N.Y. Local Civil Rule 72.3(a)(3).

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.**  Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance.  See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

So Ordered.

/s/ Hugh B. Scott
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
September 21, 2006